## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMEY MCKEE, | No. 4:23-CV-00181 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| M. GROTH, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### NOVEMBER 18, 2024

Plaintiff Jamey McKee is a serial prisoner litigant who was previously incarcerated at the State Correctional Institution, Rockview (SCI Rockview), located in Bellefonte, Pennsylvania.[1]  He filed the instant *pro se* Section 1983[2] action claiming constitutional violations by several SCI Rockview officials. Presently pending is Defendants' motion for summary judgment under Federal Rule of Civil Procedure 56.  Because McKee has not responded to Defendants' motion and thus has failed to carry his Rule 56 burden on his remaining Section 1983 claims, the Court will grant Defendants' unopposed motion for summary judgment.

---

[1]    McKee is currently incarcerated at SCI Somerset.  *See* Doc. 20.

[2]    42 U.S.C. § 1983.  Section 1983 creates a private cause of action to redress constitutional wrongs committed by state officials.  The statute is not a source of substantive rights; it serves as a mechanism for vindicating rights otherwise protected by federal law.  *See Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).

## I.    FACTUAL BACKGROUND[3]

McKee lodged the instant case—one of many he has filed in this district—in February 2023.[4]  In his complaint, McKee recounted that in May 2022, he had filed a report under the Prison Rape Elimination Act (PREA) regarding an alleged sexual assault by a nonparty prison official.[5]  He claims that numerous prison officials retaliated against him for filing this PREA report.[6]  Many of these allegations of retaliation form the basis of a separate civil rights lawsuit McKee filed in this Court in 2022.[7]

The gravamen of the instant lawsuit concerns separate allegations of retaliation and excessive force by four SCI Rockview corrections officers: Michael Groth, William McCusker, Jonathan Lytle, and Nathan Anna.[8]  McKee alleges two purported incidents of retaliation: (1) a physical assault by all Defendants on December 29, 2022, allegedly in retaliation for McKee filing a PREA report, grievance, and lawsuit; and (2) a fabricated misconduct issued by Groth sometime

---

[3]    Local Rule of Court 56.1 requires that a motion for summary judgment be supported "by a separate, short, and concise statement of the material facts, in numbered paragraphs, as to which the moving party contends there is no genuine issue to be tried." LOCAL RULE OF COURT 56.1.  A party opposing a motion for summary judgment must file a separate statement of material facts, responding to the numbered paragraphs set forth in the moving party's statement and identifying genuine issues to be tried. *Id.*  Defendants properly filed their statement of material facts, (Doc. 40), but McKee failed to respond to that statement.  Accordingly, the Court will deem admitted the facts in Defendants' Rule 56.1 statement. *See* LOCAL RULE OF COURT 56.1.

[4]    *See generally* Doc. 1.

[5]    *Id.* ¶ 11.

[6]    *Id.* ¶¶ 12-14, 17, 19.

[7]    *See generally McKee v. SCI Rockview Officials*, No. 4:22-CV-01240 (M.D. Pa).

[8]    *See* Doc. 1 at pp. 2-3; Doc. 12 (providing full names of Defendants).

after the alleged assault for filing a PREA report, grievance, and lawsuit.[9]  McKee additionally alleged that the purported retaliatory assault on December 29 constituted excessive force in violation of the Eighth Amendment.[10]

Defendants moved for partial dismissal of McKee's complaint for failure to state a claim upon which relief may be granted.[11]  They challenged all Section 1983 claims against them except McKee's First Amendment retaliation claims against McCusker and Anna and additionally sought dismissal of McKee's requests for injunctive relief.[12]

The Court granted Defendants' Rule 12(b)(6) motion.[13]  First, the Court found that McKee had failed to plausibly allege causation for his retaliation claims against Lytle and Groth.[14]  The Court then dismissed McKee's Eighth Amendment excessive force claims against all Defendants, finding that the use of force alleged by McKee was objectively *de minimis*.[15]  McKee's official capacity claims were also dismissed, as any official capacity claim for money damages was barred by Eleventh Amendment sovereign immunity, and McKee's requests for prospective injunctive relief were mooted by his transfer to a different prison.[16]  The case was

---

[9]   *See id.* ¶¶ 73-74.
[10]  *See id.* ¶ 75.
[11]  Doc. 14.
[12]  *See* Doc. 21 at 4-5.
[13]  *See generally* Docs. 21, 22.
[14]  *See* Doc. 21 at 6-7.
[15]  *Id.* at 8-9.
[16]  *Id.* at 9-11.

therefore permitted to proceed only on McKee's individual capacity First Amendment retaliation claims against defendants McCusker and Anna.[17]

McCusker and Anna now move for summary judgment on the remaining retaliation claims.[18]  McKee has failed to respond to Defendants' Rule 56 motion in any way, and the deadline for a responsive Rule 56 pleading has long since passed.  Accordingly, Defendants' unopposed motion for summary judgment is ripe for disposition.

## II.    STANDARD OF REVIEW

"One of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses."[19]  Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[20]  Material facts are those "that could alter the outcome" of the litigation, and "disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."[21]

At the Rule 56 stage, the Court's function is not to "weigh the evidence and determine the truth of the matter" but rather "to determine whether there is a

---

[17]    *Id.* at 11.
[18]    Doc. 39.
[19]    *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).
[20]    FED. R. CIV. P. 56(a).
[21]    *EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 262 (3d Cir. 2010) (quoting *Clark v. Modern Grp. Ltd.*, 9 F.3d 321, 326 (3d Cir. 1993)).

genuine issue for trial."[22]  The Court must view the facts and evidence presented

"in the light most favorable to the non-moving party" and must "draw all

reasonable inferences in that party's favor."[23]  This evidence, however, must be

adequate—as a matter of law—to sustain a judgment in favor of the nonmoving

party on the claim or claims at issue.[24]  A "scintilla of evidence" supporting the

nonmovant's position is insufficient; "there must be evidence on which the jury

could reasonably find for the [nonmovant]."[25]  Succinctly stated, summary

judgment is "put up or shut up time" for the nonmoving party.[26]

## III.    DISCUSSION

Defendants contend that McKee is unable to satisfy his Rule 56 burden

because he cannot adduce any competent evidence to establish a genuine issue of

material fact as to his First Amendment retaliation claims.  Defendants also assert

that McKee failed to exhaust administrative remedies.  The Court agrees and finds

that McKee has failed to carry his Rule 56 burden, so judgment must be entered in

Defendants' favor.

---

[22]  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[23]  *Thomas v. Cumberland County*, 749 F.3d 217, 222 (3d Cir. 2014).

[24]  *Liberty Lobby*, 477 U.S. at 250-57; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-89 (1986).

[25]  *Daniels v. Sch. Dist. of Phila.*, 776 F.3d 181, 192 (3d Cir. 2015) (quoting *Liberty Lobby*, 477 U.S. at 252) (alteration in original).

[26]  *Daubert v. NRA Grp., LLC*, 861 F.3d 382, 391 (3d Cir. 2017) (quoting *Berkeley Inv. Grp. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006)).

## A.      Failure to Oppose Rule 56 Motion

First, McKee has failed to carry his burden at summary judgment because he has not opposed Defendants' Rule 56 motion in any way.  McKee has not identified any record evidence that would rebut Defendants' contention (and supporting evidence) that they did not violate McKee's First Amendment rights. McKee has not, for example, pointed to a declaration or affidavit, witness statements, documentary support, or any other evidence that could sustain a verdict in his favor.  In fact, McKee has not even responded to Defendants' Rule 56 motion, meaning that—pursuant to Local Rule 7.6—the motion is deemed unopposed.[27]

At summary judgment, "the non-moving party *must oppose the motion* and, in doing so, may not rest upon the mere allegations or denials of his pleadings but, instead, must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or suspicions will not suffice."[28] Moreover, "[t]he court need consider only the cited materials" when ruling on a motion for summary judgment.[29]  No materials have been provided or cited by McKee in opposition to Defendants' Rule 56 motion.  Thus, because McKee has

---

[27]   *See* LOCAL RULE OF COURT 7.6 (stating that failure to file a brief in opposition to a motion, including one for summary judgment, results in said motion being deemed "unopposed").

[28]   *Jutrowski v. Township of Riverdale*, 904 F.3d 280, 288-89 (3d Cir. 2018) (emphasis added) (alteration omitted) (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268-69 (3d Cir. 2014)).

[29]   FED. R. CIV. P. 56(c)(3).

failed to establish that there is a genuine dispute of material fact for trial, the Court must grant Defendants' motion for summary judgment.

## B.    Failure to Exhaust Administrative Remedies

A second reason summary judgment must be granted in Defendants' favor is that McKee failed to exhaust administrative remedies.  The Prison Litigation Reform Act of 1995 (PLRA)[30] requires prisoners to exhaust available administrative remedies before suing prison officials for alleged constitutional violations.[31]  Proper exhaustion is mandatory, even if the inmate is seeking relief— like monetary damages—that cannot be granted by the administrative system.[32] The exhaustion process a prisoner must follow is governed by the contours of the prison grievance system in effect where the inmate is incarcerated.[33]

Pennsylvania's Department of Corrections (DOC) employs a three-step grievance process that must be completed to properly exhaust administrative remedies in most cases.[34]  If informal resolution attempts do not solve the problem, the first step is to file a written grievance (using form DC-804, Part 1) with the Facility Grievance Coordinator within 15 working days after "the event upon

---

[30]  42 U.S.C. § 1997e *et seq*.
[31]  *See* 42 U.S.C. § 1997e(a); *Ross v. Blake*, 578 U.S. 632, 639, 642 (2016) (explaining that only "available" remedies must be exhausted).
[32]  *Woodford v. Ngo*, 548 U.S. 81, 85 (2006).
[33]  *Jones v. Bock*, 549 U.S. 199, 218 (2007); *see also Woodford*, 548 U.S. at 90-91.
[34]  *See Booth v. Churner*, 206 F.3d 289, 292 n.2 (3d Cir. 2002); COMMONWEALTH OF PA., DEP'T OF CORR., INMATE GRIEVANCE SYS., Policy No. DC-ADM 804 (May 1, 2015) (hereinafter "DC-ADM 804").

which the claim is based."[35]  An adverse decision by the grievance coordinator

must be appealed to the Facility Manager within 15 working days of the initial-

review response or rejection.[36]  Finally, an adverse decision by the Facility

Manager must be appealed to "Final Review" with the Secretary's Office of

Inmate Grievances and Appeals (SOIGA), and again must be submitted within 15

working days of the date of the Facility Manager's decision.[37]

      The DOC has specific requirements for grievances submitted by inmates.

Those requirements include, among other conditions, that the grievance "be legible

[and] understandable"; "include a statement of the facts relevant to the claim" as

well as "the date, approximate time, and location of the event(s) that gave rise to

the grievance"; that the prisoner "identify individuals directly involved in the

event(s)"; and that the grievance include "the specific relief sought," including

"compensation or other legal relief normally available from a court."[38]

      The undisputed facts of this case demonstrate that McKee failed to exhaust

administrative remedies.  McKee did not file a grievance following the alleged

December 29, 2022 incidents until February 7, 2023, when he was incarcerated at

SCI Frackville.[39]  This grievance was filed approximately 26 working days after

---

[35]  DC-ADM 804 § 1(A)(3)-(5), (8).

[36]  *Id.* § 2(A)(1).

[37]  *Id.* § 2(B)(1).

[38]  *Id.* § 1(A)(11).

[39]  *See* Doc. 40 ¶ 10.

the alleged incident, which is 11 working days beyond the DOC's administrative filing deadline.[40]  The February 7, 2023 grievance also appears to be related to "problems with staff" rather than retaliation.[41]  McKee's First Amendment retaliation claims are thus procedurally defaulted and, without providing any excuse for this default, judgment must be granted in Defendants' favor for failure to exhaust available administrative remedies.

### C.    Merits of First Amendment Claim

A final reason that summary judgment must be granted in Defendants' favor is that, upon consideration of the Rule 56 record, there is no evidence that would sustain a verdict in McKee's favor on his remaining retaliation claims.

Although a prisoner's constitutional rights are necessarily circumscribed, an inmate still retains First Amendment protections when they are "not inconsistent" with prisoner status or with the "legitimate penological objectives of the corrections system."[42]  To establish a First Amendment retaliation claim, a plaintiff must show that (1) "he was engaged in constitutionally protected conduct," (2) he suffered an "adverse action" by prison officials sufficient to deter a person of ordinary firmness from exercising his First Amendment rights, and (3) the

---

[40]  *See id.*
[41]  *See* Doc. 40-3 at 2.
[42]  *Wisniewski v. Fisher*, 857 F.3d 152, 156 (3d Cir. 2017) (quoting *Newman v. Beard*, 617 F.3d 775, 781 (3d Cir. 2010)).

9

plaintiff's protected conduct was a "substantial or motivating factor" in the prison officials' decision to take the adverse action.[43]

There are a variety of ways to establish causation for a First Amendment retaliation claim. One method is to show "unusually suggestive" timing between the protected conduct and the adverse action.[44] When a plaintiff relies solely on circumstantial evidence of temporal proximity, the time between the protected conduct and the adverse action is often measured in days rather than weeks or months.[45] However, there is no "bright line rule limiting the length of time that may pass between a plaintiff's protected speech and an actionable retaliatory act by a defendant."[46] Another approach is to demonstrate "a pattern of antagonism coupled with timing."[47] Finally, causation can be inferred "from the evidence gleaned from the record as a whole."[48] Logically, a plaintiff asserting retaliation "will have to show . . . that the decision maker had knowledge of the protected activity[.]"[49]

McKee has not carried his burden to establish a *prima facie* retaliation claim. Although he may have plausibly alleged retaliation, at summary judgment a

---

[43] *Id.* (quoting *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)); *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003) (quoting *Rauser*, 241 F.3d at 333).

[44] *See Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007).

[45] *See Conard v. Pa. State Police*, 902 F.3d 178, 184 (3d Cir. 2018).

[46] *Id.*

[47] *DeFlaminis*, 480 F.3d at 267.

[48] *Watson v. Rozum*, 834 F.3d 417, 424 (3d Cir. 2016) (citing *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 281 (3d Cir. 2000)).

[49] *Moore v. City of Philadelphia*, 461 F.3d 331, 351 (3d Cir. 2006) (citation omitted).

plaintiff cannot rely on mere allegations; instead, he must proffer specific facts that show there is a genuine issue for trial.[50]  McKee has not offered or pointed to any evidence to support his *prima facie* retaliation claim in the face of Defendants' Rule 56 challenge.  Thus, even if the Court were to reach the merits of McKee's First Amendment claims (despite his failure to oppose the instant Rule 56 motion and his failure to exhaust administrative remedies), Defendants' motion for summary judgment would be granted.

## IV.    CONCLUSION

Based on the foregoing, the Court will grant Defendants' unopposed motion for summary judgment.  An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[50]    *Jutrowski*, 904 F.3d at 288-89.